UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMAN RICKY PATU , <br><br> Plaintiff, <br><br> v. <br><br> EWING et al. , <br><br> Defendant. | CASE NO. 2:22-cv-00908-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

On June 27, 2022, Plaintiff, a prisoner, submitted a proposed 42 U.S.C. § 1983 complaint and motion for leave to proceed *in forma pauperis* (IFP). Dkt. 1. More than three of the numerous complaints Plaintiff has filed in this Court have been dismissed as frivolous or for failure to state a claim. The Court therefore recommends finding Plaintiff ineligible to proceed IFP; directing Plaintiff to pay the filing fee within 14 days of adoption of this recommendation; and dismissing the matter if Plaintiff fails to do so.

Plaintiff is a prisoner at the Monroe Correctional Complex-SOU (MCC). His complaint names as Defendants MCC staff members "Mr. Ewing," Mr. Ferenti," and "Ms. Melinda Murray." Counts I, II and III are difficult to understand but seem to allege Plaintiff's infractions and infraction hearings violated his rights. As relief, Plaintiff seeks monetary damages and an order directing Defendants to "stop writing me up."

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Plaintiff is a prisoner who has filed three or more civil actions which have previously been dismissed as frivolous or for failure to state a claim. Plaintiff therefore cannot bring this civil action or appeal IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records shows at least three of the cases Plaintiff previously filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Patu v. Albert*, Plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. In *Patu v. Lee, et al.,* Plaintiff's case was dismissed for failure to state a claim and the dismissal counted as a strike under Section 1915(g) (appeal pending). *See* Dkt. 14 and 17 in Case No. 15-5332 RJB. In *Patu v. Albert,* Plaintiff's case was dismissed for failure to state a claim. *See* Dkt. 11, 13-14 in Case No. 15-722 RSM. And in *Patu v. Bennett,* Plaintiff's case was dismissed for failure to state a claim. Dkt. 15, 16 in Case No. 14-765 MJP.

The Court's records thus establish Plaintiff is barred from proceeding IFP absent a showing he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on June 20, 2022. See 28 U.S.C. § 1915(g). The complaint alleges Plaintiff's infractions and infraction hearings violate his rights. The nature and content of the allegation show Plaintiff was not under "imminent danger of serious physical injury," when he filed his complaint.

The Court has liberally construed the facts alleged and finds Plaintiff ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential

REPORT AND RECOMMENDATION - 2

disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

The Court accordingly recommends Plaintiff's IFP application (Dkt. 1) be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g); within 14 days of adoption of this recommendation, Plaintiff must pay the $400.00 filing fee in order to proceed with his complaint; and that if he fails to do so the case will be dismissed.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 19, 2022.** The Clerk should note the matter for **July 22, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of July, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge